Broome County Bank v. Lewis.

prosecuted without the appointment of a *prochein ami*. It was shown on the part of the plaintiffs, that a *prochein ami* had been appointed since the commencement of the suit, but notice of the appointment had not been given to the defendant.

---

## BROOME COUNTY BANK *vs.* LEWIS and others.

On a motion, *after* inquest, to strike out pleas as *false*, where *no affidavit* of their truth is produced, the court will not inquire whether one of the replications, which had been demurred to after the cause was noticed for trial, is not defective in form, nor pass upon the effect of another replication alleged by the defendant to contain an admission of the payment of a large sum of money which was not deducted from the plaintiff's demand on the taking of the inquest.

MOTION to strike out the defendants' second and fourth pleas as false, and to vacate an order to stay proceedings.

Broome County Bank v. Lewis.

The pleadings as presented for this motion are these : Declaration on money counts, with a copy of a note for $7380. Pleas, 1. Non-assumpsit ; 2. No such corporation ; 4. That the defendants had paid the plaintiffs $5000, which was accepted and received in full satisfaction and discharge of said note. The plaintiffs replied *first*, that they were a corporation, and *second*, that the sum of $5000 was not accepted and received in full satisfaction and discharge of the [566] note, and joined issue. This was on the 12th of March last ; the cause was noticed for trial on the 28th of March, and was tried, but before the circuit the defendant demurred to the first replication specially. The plaintiffs took an inquest. Defendants' counsel excepted to the decision of the court by which the note was permitted to be read in evidence. The defendant claimed that a payment of $5000 was admitted by the pleadings, which the judge overruled, and defendants' counsel excepted. The plaintiffs took a verdict for the amount of the note, deducting a note of a third person, the balance being $6376.63. The judge granted an order to stay proceedings, which the plaintiffs ask to have vacated.

*By the Court.* This case in most of its features resembles the case of *Brewster* v. *Hall,* (6 *Cowen,* 34.) In that case there were three formal special pleas, a replication taking issue had been demurred to, and the demurrers were noticed for argument and on the calendar ; an inquest had also been taken upon the general issue, the defendants having omitted to file an affidavit of merits. In these particulars the two cases are similar. In that case one of the plaintiffs made an affidavit showing the falsity of the pleas, which was not denied by the defendants or their attorney. In this case the plaintiffs' attorney, who is a director of the bank, swears that the pleas are entirely *false,* and put in for delay merely. In this particular also, the cases are alike. The power of this court to strike out *false* and *sham* pleas is unquestioned. The propriety of exercising that power is manifest from the consideration, if there were no others, that it is unbecoming the dignity of courts of law ; that it is unfit and improper in itself, and unjust to other suitors, that courts should be compelled to examine and decide questions which have no foundation in the facts of the case, but only in the ingenuity or imagination of the attorneys. It would be a reproach upon the administration of justice, if delays could be procured by what may properly be denominated frauds upon the right of pleading. In such cases it is very clear that no injustice can be done. The defendant in this case appears by his counsel to resist this motion, but he produces no general or special affidavit of [567] merits ; makes no pretense that his pleas are true, but on the contrary, by his silence, admits that they are false, that he has no defence to make to the note except what has been allowed, and that the pleas were pleaded merely for delay. Yet he asks the court to decide whether the plaintiffs' replication is not defective in form ; and whether the judge did not err in deciding that he had not, by the pleadings, proved a payment of $5000 ; when by his present attitude on this motion he admits his plea was entirely a sham—a mere fiction put upon the record for the purpose of delaying the plaintiffs in the collection of an honest debt.

Under the present practice of the court any defendant has a right to plead the general issue, and put the plaintiff to the proof of his demand, whether he has any pretense for doing so or not ; but when he claims to have a defence by his pleadings, but upon motion admits he has none at all, there is no reason in justice or good sense why his pleas should stand ; why the courts should be unnecessarily occupied about irrelevant matters, and a plaintiff delayed, perhaps ruined, before he can enforce the collection of an honest and just demand.

In the circuit court of the United States for the southern district of this state, a plea of the general issue will not be received without an affidavit of its truth, nor a special plea without a certificate of counsel that it is well founded ; were such a

practice adopted in the state courts of our state, we should hear no complaints about delays of justice.

The motion to strike out the special pleas must be granted with costs. And as one of these is the foundation upon which the order to stay proceedings rests, the order must be vacated.                                    Rule accordingly.